**1911-CC00203**

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

**IN THE MISSOURI CIRCUIT COURT
FOR THE ELEVENTH JUDICIAL CIRCUIT
COUNTY OF ST. CHARLES**

| | |
|---|---|
| **PRECISION HEALTH GROUP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **JURY TRIAL DEMANDED** |
| **VM MEDICAL/VITAMINERALS** | ) |
| **ORTHOPEDICS, LTD. d/b/a VM** | ) |
| **MEDICAL/VITAMINERALS,** | ) |
| | ) |
| **Serve:** | ) |
| **Marvin L. Boote, II,** | ) |
| **Member/Registered Agent** | ) |
| **Marcia W. Boote, Member** | ) |
| **311 W. Streetsboro St.** | ) |
| **Hudson, OH 44236-2748** | ) |
| | ) |
| **MARVIN L. BOOTE, II, d/b/a VM** | ) |
| **MEDICAL/VITAMINERALS,** | ) |
| | ) |
| **Serve:** | ) |
| **311 W. Streetsboro St.** | ) |
| **Hudson, OH 44236-2748** | ) |
| | ) |
| **MARCIA W. BOOTE d/b/a VM** | ) |
| **MEDICAL/VITAMINERALS,** | ) |
| | ) |
| **Serve:** | ) |
| **311 W Streetsboro St.** | ) |
| **Hudson, OH 44236-2748** | ) |
| | ) |
| **Defendants.** | ) |

**<u>CLASS ACTION JUNK-FAX PETITION</u>**

Plaintiff Precision Health Group brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants VM Medical/Vitaminerals Orthopedics, Ltd. d/b/a VM Medical/Vitaminerals, Marvin L. Boote, II, d/b/a VM Medical/Vitaminerals and Marcia W. Boote d/b/a

1

**EXHIBIT A**

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

VM Medical/Vitaminerals under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (TCPA).

## PRELIMINARY ALLEGATIONS

1.      Plaintiff Precision Health Group is the fictitious name registered for Family Spinal Health & Rehabilitation Center, Inc., a Missouri corporation with its registered agent in St. Charles County, Missouri.

2.      Defendant VM Medical/Vitaminerals Orthopedics, Ltd. d/b/a VM Medical/Vitaminerals is an Ohio limited liability company.

3.      Missouri Revised Statutes § 351.574.4 states, in part, that "[e]very foreign corporation now doing business in or which may hereafter do business in this state without a certificate of authority shall be subject to a fine of not less than one thousand dollars to be recovered before any court of competent jurisdiction."

4.      VM Medical/Vitaminerals Orthopedics, Ltd., does not have a certificate of authority issued by the Missouri Secretary of State to transact business in Missouri.

5.      Defendant Marvin L. Boote, II, d/b/a VM Medical/Vitaminerals is an individual who resides in Hudson, Ohio.

6.      Defendant Marcia W. Boote d/b/a VM Medical/Vitaminerals is an individual who resides in Hudson, Ohio.

7.      Defendants Boote are members of VM Medical/Vitaminerals

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

Orthopedics, Ltd.

8.     Mo. Rev. Stat. § 417.20 states "[t]hat every name under which any person shall do or transact any business in this state, other than the true name of such person, is hereby declared to be a fictitious name, and it shall be unlawful for any person to engage in or transact any business in this state under a fictitious name without first registering same with the secretary of state . . . ."

9.     "VM Medical/Vitaminerals" was not registered as a fictitious name with the Missouri Secretary of State by any of the Defendants.

10.     "VM Medical/Vitaminerals" was not registered as a fictitious name with the Ohio Secretary of State by any of the Defendants.

11.     On information and belief, Defendants sell BioFreeze pain relief products, as well as T.E.N.S. units, electrodes, orthopedic products, and "Vitaminerals" from the Bootes' home.

12.     This Court has personal jurisdiction over Defendants because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, or Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner.

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

### THE FAX

13.     On or about December 25, 2018, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 739-6043 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

14.     A portion of the Fax follows:



15.     Plaintiff received the Fax through Plaintiff's facsimile machine.

16.     The header of the Fax indicates that the Fax was sent from "A Happy FaxTalk User."

17.     "FaxTalk is fax software used to transmit and receive faxes directly using a computer and telephone line." www.getfaxing.com/2018/06/18/happy-faxtalk-user/ (last visited Feb. 22, 2019).

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

18. The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

19. Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services, on information and belief, to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on Defendants' behalf.

20. On information and belief, Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

21. Defendants had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

22. Defendants created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements to Plaintiff and to other members of the "Class" as defined below.

23. The Fax to Plaintiff and, on information and belief, the similar facsimile advertisements sent by Defendants, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

24. Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited faxed advertisements must meet the following criteria:

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

(A)    The notice is clear and conspicuous and on the first page of the advertisement;

(B)    The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C)    The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D)    The notice includes—

    (1)    A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

    (2)    If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E)    The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

25.    The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

6

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

26.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

27.     On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

28.     Defendants were aware of the TCPA prior to sending the Fax to Plaintiff, because of the following TCPA lawsuits:  *Comprehensive Health Care Systems of Palm Beaches, Inc. v. Vitaminerals VM/Orthopedics, Ltd., et al.*, No. 5:16-cv-02183-KBB, in the U.S. District Court for the Northern District of Ohio; and *Dr. Thomas D. Franz v. Vitaminerals/VM Orthopedics, Ltd., et al.*, in the U.S. District Court for the Northern District of Illinois.

29.     Below is a portion of the fax attached to the complaint in the above-noted lawsuit filed by *Comprehensive Health Care Systems of Palm Beaches, Inc.*:

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

30.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

31.     Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their express invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

32.     Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on Defendants' own understanding of the law or on the representations of others on which Defendants reasonably relied.

33.     The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to the filing of this action, (1) were sent by or on behalf of Defendants a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services, (2) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such fax or (3) with whom Defendants did not have an established business relationship, and (4) the fax identified in subpart (1) of this definition (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful or (b) lacked a telephone number for sending the opt-out request.

35.     Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

36.     This case is appropriate as a class action because:

a.     Numerosity.   The Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b.     Commonality.   Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

> i.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

ii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

iii.   Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

iv.    The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

v.     Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

vi.    Whether Defendants violated 47 U.S.C. § 227;

vii.   Whether Defendants willfully or knowingly violated 47 U.S.C. § 227;

viii.  Whether Defendants violated 47 C.F.R. § 64.1200;

ix.    Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x.     Whether the Court should award statutory damages per TCPA violation per fax;

xi.    Whether the Court should award treble damages per TCPA violation per fax; and

xii.   Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.    <u>Typicality.</u>  Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.    <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 100 such cases, and having been

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

appointed class counsel in multiple cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.      <u>Superiority.</u>  A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

37.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

38.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

39.     The TCPA provides:

Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

> (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

> (C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

40.     The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

41.     Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

a.      receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b.      Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c.      Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on  business activities; and

d.      Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

42.     Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

43.     Defendants knowingly violated the TCPA; the two prior TCPA lawsuits did not provide sufficient deterrence.

44.     Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

45.   Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff, for itself and all others similarly situated, demands judgment against Defendants, jointly and severally, as follows:

a.   certify this action as a class action and appoint Plaintiff as Class representative;

b.   appoint the undersigned counsel as Class counsel;

c.   award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.   award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.   enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.   award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.   award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.   award Plaintiff prejudgment interest and costs; and

i.   grant Plaintiff all other relief deemed just and proper.

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

SCHULTZ & ASSOCIATES LLP

By: _____
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

**1911-CC00203**

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 09:30 AM

# Choose From These
# SALES that MEET ALL
# Budgets!!



**Option 1**

**Buy 10**
**Get 2 FREE**
**FREE Samples**

**Option 2**

**Buy 28**
**Get 3 FREE**
**FREE Shipping**
**FREE Samples**

**Option 3**

**Buy 42**
**Get 6 FREE**
**FREE Shipping**
**FREE Samples**

**BIOFREEZE**

**Option 4**

**Buy 72**
**Get 12 FREE**
**FREE Shipping**
**FREE Samples**

*Mix and Match on*
*All Biofreeze Products!*
*Order Today!*

## Bud Boote's VM Medical/Vitaminerals
## PO Box 905 • Hudson, Ohio 44236
## Phone: 1-800-666-8966 • Fax: 1-800-237-3748

We Also Carry:
**T.E.N.S. Units • Electrodes • BioFreeze/ Sombra • Headrest Paper**
**Orthopedic Supports • Hot/Cold Packs • Cervical Pillows • Vitaminerals**

If you do not wish to receive faxes from us, please fax your requests to 1-800-237-3748 (24/7), with
your fax number included or you can opt out by emailing us at VMMed2@google.com. Thanks!

Ex. 1

# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | Case Number:  1911-CC00203 |
| Plaintiff/Petitioner:<br>PRECISION HEALTH GROUP<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>VM MEDICAL/VITAMINERALS<br>ORTHOPEDICS, LTD.<br>DBA:   VM MEDICAL/VITAMINERALS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| | |
|---|---|
| The State of Missouri to:    **VM MEDICAL/VITAMINERALS ORTHOPEDICS, LTD.**<br>**Alias:**<br>**DBA:   VM MEDICAL/VITAMINERALS** | |

**SERVE: MARVIN L BOOTE II**        **SERVE: MARVIN L BOOTE II**
**311 W STREETSBORO ST.**         **MEMBER/REGISTERED AGENT**
**HUDSON, OH  44236-2748**        **MARCIA W BOOTE MEMBER**

***COURT SEAL OF***

***ST. CHARLES COUNTY***

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____2/25/2019_____               _____/S/  Cheryl Crowder_____
Date                                                                        Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____               _____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
               ☐ the judge of the court of which affiant is an officer.
               ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
               ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | **Case Number:  1911-CC00203** |
| Plaintiff/Petitioner:<br>PRECISION HEALTH GROUP<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>VM MEDICAL/VITAMINERALS<br>ORTHOPEDICS, LTD.<br>DBA:   VM MEDICAL/VITAMINERALS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| | |
|---|---|
| **The State of Missouri to:**   MARVIN L BOOTE II<br>                                                 Alias:<br>                                                 **DBA:   VM MEDICAL/VITAMINERALS**<br>**311 W STREETSBORO ST.**<br>**HUDSON, OH  44236-2748** | |

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____2/25/2019_____                    _____/S/  Cheryl Crowder_____
                               Date                                                                                     Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:

1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)

☐   delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐   leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐   (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐   other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
          Printed Name of Sheriff or Server                                            Signature of Sheriff or Server

**Subscribed and sworn** to before me this _____ (day) _____ (month) _____ (year).

I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                             ☐ the judge of the court of which affiant is an officer.
                             ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                             ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
                    Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $ _____ per mile) |
| **Total** | **$_____** |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>TED HOUSE | Case Number:  1911-CC00203 |
|---|---|
| Plaintiff/Petitioner:<br>PRECISION HEALTH GROUP<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br>VM MEDICAL/VITAMINERALS<br>ORTHOPEDICS, LTD.<br>DBA:   VM MEDICAL/VITAMINERALS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Injunction | *(Date File Stamp)* |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| **The State of Missouri to:** | **MARCIA W BOOTE**<br>**Alias:**<br>**DBA:   VM MEDICAL/VITAMINERALS** |
|---|---|

**311 W STREETSBORO ST.**
**HUDSON, OH  44236-2748**

***COURT SEAL OF***

*ST. CHARLES COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____2/25/2019_____         _____/S/  Cheryl Crowder_____
                      Date                                                                           Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)

in _____County, _____ (state), on _____ (date) at _____ (time).

_____         _____
      Printed Name of Sheriff or Server                                        Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                              ☐ the judge of the court of which affiant is an officer.
                              ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                              ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
                  Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

STATE OF MISSOURI                                )
                                                 )  ss.
ST. CHARLES COUNTY, MISSOURI       )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI


**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**


Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution.  The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute.  The mediator is impartial and has no authority to render a decision or impose a resolution on the parties.   During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office.  If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve.  If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI                                )
                                                 )  ss.
ST. CHARLES COUNTY, MISSOURI                     )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____  )
                      Plaintiff(s),  )
                                     )
vs.                                  )          Cause #_____
                                     )
_____  )
                      Defendant(s).  )

**CONSENT TO MEDIATION FORM**

      I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

_____  We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____  We do not consent to the referral of this case to mediation.

_____
Signature

_____
(Print Name)

Attorney for:

_____
(Party or Parties)

Date: _____

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 04:34 PM



**IN THE ELEVENTH JUDICIAL CIRCUIT, ST CHARLES COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>Div. 1, Ted House | Case Number:   1911-CC00203 |
| Plaintiff:<br><br>PRECISION HEALTH GROUP, | Defendant:<br>VM MEDICAL/VITAMINERALS<br>ORTHOPEDICS, LTD. d/b/a VM<br>MEDICAL/VITAMINERALS, et al.<br><br><br>(Date File Stamp) |

## REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now  Plaintiff_____, pursuant to Local Court Rule 4.2.1 and at

his/her/its own risk, requests the appointment of:

Zachary B. Burkons, RENT DUE LLC, 1621 Euclid Ave. #408, Cleveland, OH 44115   216-452-0881
                                                                                                                             216-632-9549 cell

Name of Process Server                      Address                                      Telephone

_____

Name of Process Server                      Address                                      Telephone


a person(s) of lawful age to serve the summons and petition in this cause on the below named parties.

This appointment as special process server does not include the authorization to carry a concealed

weapon in the performance thereof.

**SERVE:** VM Medical/Vitaminerals Orthopedics, Ltd.     **SERVE:**
              d/b/a VM Medical/Vitaminerals
              _____            Marvin L. Boote, II, d/b/a VM Medical/Vitaminerals
Name      Marvin L. Boote, II, Member/Registered Agent   Name  _____
              Marcia W. Boote, Member                                   311 W. Streetsboro St.
              311 W. Streetsboro St.                                         Hudson, OH 44236-2748
              Hudson, OH 44236-2748

Address                                                            Address

_____                _____

City/State/Zip                                                    City/State/Zip

                                                                      **SERVE:**
                                                                          Marcia W. Boote d/b/a VM Medical/Vitaminerals
                                                                          311 W. Streetsboro St.
                                                                          Hudson, OH 44236-2748

**Appointed as requested:**

**Judy Zerr, Circuit Clerk**


**By** _____     **Date** _____

              Deputy Clerk


CIV030

Electronically Filed - St Charles Circuit Div - February 25, 2019 - 04:34 PM



**IN THE ELEVENTH JUDICIAL CIRCUIT, ST CHARLES COUNTY, MISSOURI**

| Judge or Division:<br>Div. 1, Ted House | Case Number: 1911-CC00203 |
|---|---|
| Plaintiff:<br><br>PRECISION HEALTH GROUP, | Defendant:<br>VM MEDICAL/VITAMINERALS<br>ORTHOPEDICS, LTD. d/b/a VM<br>MEDICAL/VITAMINERALS, et al.<br><br>(Date File Stamp) |

## REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now **Plaintiff** _____, pursuant to Local Court Rule 4.2.1 and at

his/her/its own risk, requests the appointment of:

**Zachary B. Burkons, RENT DUE LLC, 1621 Euclid Ave. #408, Cleveland, OH 44115  216-452-0881**

216-632-9549 cell

Name of Process Server _____ Address _____ Telephone

Name of Process Server _____ Address _____ Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties.

This appointment as special process server does not include the authorization to carry a concealed

weapon in the performance thereof.

**SERVE:**
VM Medical/Vitaminerals Orthopedics, Ltd.
d/b/a VM Medical/Vitaminals

Name  Marvin L. Boote, II, Member/Registered Agent
Marcia W. Boote, Member
311 W. Streetsboro St.
Hudson, OH 44236-2748

Address _____

City/State/Zip _____

**SERVE:**

Marvin L. Boote, II, d/b/a VM Medical/Vitaminerals

Name  311 W. Streetsboro St.
Hudson, OH 44236-2748

Address _____

City/State/Zip _____

**SERVE:**
Marcia W. Boote d/b/a VM Medical/Vitaminerals
311 W. Streetsboro St.
Hudson, OH 44236-2748

**Appointed as requested:**

   **Circuit Clerk**

By _____
   Deputy Clerk

**ALL RISKS TO PLAINTIFF**

**SO APPOINTED:**

DATE: 2/26/19

by: *Danielle Helock*

*CHERYL CROWDER,* **CIRCUIT CLERK**

Date _____

CIV030

# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>TED HOUSE | **Case Number: 1911-CC00203** |
|---|---|
| Plaintiff/Petitioner:<br>PRECISION HEALTH GROUP<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>VM MEDICAL/VITAMINERALS<br>ORTHOPEDICS, LTD.<br>DBA: VM MEDICAL/VITAMINERALS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** **VM MEDICAL/VITAMINERALS ORTHOPEDICS, LTD.**
**Alias:**
**DBA: VM MEDICAL/VITAMINERALS**

**SERVE: MARVIN L BOOTE II**
**311 W STREETSBORO ST.**
**HUDSON, OH 44236-2748**

SERVE: MARVIN L BOOTE II
MEMBER/REGISTERED AGENT
MARCIA W BOOTE MEMBER

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____2/25/2019_____          _____/S/ Cheryl Crowder_____
Date                                                 Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Special Process Server_ _Summit_ County, _Ohio_ (state).
3. I have served the above summons by: (check one)
   - [ ] delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other: _____

Served _309 W. Streetsboro_ (address)
in _Hudson_ County, _Summit_ (state), on _Mar 7_ (date) at _954AM_ (time).

_E. Birkons_                         _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _7_ (day) _Mar_ (month) _2019_ (year).

I am (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [x] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [x] authorized to administer oaths. (use for court-appointed server)

(Seal)

_Freddie Rodriguez_
Signature and Title

FREDDIE RODRIGUEZ
NOTARY PUBLIC, STATE OF OHIO

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

OSCA (07-18) SM60 (SMOS) *For Court Use Only*: Document ID# 19-SMOS-43    1 of 2 (1911-CC00203)    Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

See the following page for directions to officer making return on service of summons.

Case: 4:19-cv-00822-NCC   Doc. #: 1-1   Filed: 04/04/19   Page: 27 of 31 PageID #: 30

Electronically Filed - St. Charles Circuit Div - March 14, 2019 - 05:20 PM

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - St Charles Circuit Div - March 15, 2019 - 10:25 AM

# IN THE MISSOURI CIRCUIT COURT
## FOR THE ELEVENTH JUDICIAL CIRCUIT
## COUNTY OF ST. CHARLES

| | | |
|---|---|---|
| **PRECISION HEALTH GROUP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 1911-CC00203** |
| | ) | |
| **v.** | ) | **Div. 1** |
| | ) | |
| **VM MEDICAL/VITAMINERALS** | ) | |
| **ORTHOPEDICS, LTD. d/b/a VM** | ) | |
| **MEDICAL/VITAMINERALS,** | ) | |
| **MARVIN L. BOOTE, II, d/b/a VM** | ) | |
| **MEDICAL/VITAMINERALS,** | ) | |
| **and MARCIA W. BOOTE d/b/a VM** | ) | |
| **MEDICAL/VITAMINERALS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

Plaintiff certifies through the undersigned that (a) PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARCIA W. BOOTE, (b) PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARVIN L. BOOTE, II, (c) PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VM MEDICAL/VITAMINERALS ORTHOPEDICS, LTD., and (d) this CERTIFICATE OF SERVICE were served by U.S. Mail, along with CD ROMs containing an electronic copy of items (a)-(c) formatted in Microsoft Office Word, and item (d) was also eFiled, all on March 15, 2019, with the mailings addressed to Defendants as follows:

Marcia W. Boote
311 W. Streetsboro St.
Hudson, OH 44236-2748

Marvin L. Boote, II
311 W. Streetsboro St.
Hudson, OH 44236-2748

VM Medical/Vitaminerals Orthopedics,
Ltd. d/b/a VM Medical/Vitaminerals
311 W. Streetsboro St.
Hudson, OH 44236-2748

Electronically Filed - St Charles Circuit Div - March 15, 2019 - 10:25 AM

SCHULTZ & ASSOCIATES LLP

By: _____
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*

2

Electronically Filed - St Charles Circuit Div - March 29, 2019 - 01:29 PM

# IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>TED HOUSE | Case Number:  1911-CC00203 |
|---|---|
| Plaintiff/Petitioner:<br>PRECISION HEALTH GROUP<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>VM MEDICAL/VITAMINERALS<br>ORTHOPEDICS, LTD.<br>DBA:  VM MEDICAL/VITAMINERALS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **MARCIA W BOOTE**
**Alias:**
**DBA:  VM MEDICAL/VITAMINERALS**

**311 W STREETSBORO ST.**
**HUDSON, OH  44236-2748**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**ST. CHARLES COUNTY**

_____2/25/2019_____          _____/S/ Cheryl Crowder_____
Date                                                    Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

**Subscribed and sworn to before me this** _____ (day) _____ (month) _____ (year).

BARBARA HALFORD                _____
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.

Notary Public
In and for the State of Ohio
My Commission Expires
August 29, 2022

☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature of Sheriff or Server

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to officer making return on service of summons.

OSCA (07-18) SM60 (SMOS) *For Court Use Only*: Document ID# 19-SMOS-45          1 of 2  (1911-CC00203)          Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Electronically Filed - St Charles Circuit Div - March 29, 2019 - 01:29 PM

**IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>TED HOUSE | Case Number: **1911-CC00203** |
| Plaintiff/Petitioner:<br>PRECISION HEALTH GROUP | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE SUITE A<br>CHESTERFIELD, MO 63005 |
| vs. | |
| Defendant/Respondent:<br>VM MEDICAL/VITAMINERALS<br>ORTHOPEDICS, LTD.<br>DBA:  VM MEDICAL/VITAMINERALS | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **MARCIA W BOOTE**
Alias:
DBA:  VM MEDICAL/VITAMINERALS

**311 W STREETSBORO ST.
HUDSON, OH  44236-2748**

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**ST. CHARLES COUNTY**

_____2/25/2019_____                            ____/S/ Cheryl Crowder____
Date                                                                Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server

**Subscribed and sworn to before me this** _____ (day) _____ (month) 20___ (year).

☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☑ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☑ authorized to administer oaths. (use for court-appointed server)

**BARBARA HALLAND**
Notary Public
In and for the State of Ohio
My Commission Expires
August 29, 20___

_____ Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

**See the following page for directions to officer making return on service of summons.**

OSCA (07-18) SM60 (SMOS) *For Court Use Only*: Document ID# 19-SMOS-45     1 of 2  (1911-CC00203)     Rules 54.06, 54.07, 54.14, 54.20;<br>506.500, 506.510 RSMo